IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANCELL EUGENE HAMM,<br>    Plaintiff | :<br>:<br>: |
| v. | :    CIVIL NO. 20-4659 |
| | : |
| CHARLES ZAGORSKIE, *et al.*,<br>    Defendants | :<br>: |

## MEMORANDUM

PRATTER, J.                                                                         FEBRUARY //, 2021

Plaintiff Ancell Eugene Hamm, a prisoner incarcerated at SCI Fayette, filed this civil action pursuant to 42 U.S.C. § 1983 against several defendants, including: (1) Charles Zagorskie (identified in the Complaint as the "arresting officer Chester County Courthouse"); (2) William Billy Lamb ("Sub Nominee, Office of the District Attorney Chester County Courthouse"), Judge Chad F. Kenney, Tom Hogan ("District Attorney"), Charles "(Last Name Unknown)" ("Grand Jury Foreman 22, January 1973"), Ronald C. Nagle ("Judge"), and Richard Wickersham ("Trial Judge"). (ECF No. 1.) Mr. Hamm raises claims related to his 1972 arrest and resulting criminal prosecution and conviction. Mr. Hamm also seeks leave to proceed *in forma pauperis*.

Although the Court previously dismissed this case for failure to prosecute, the Court will reopen the case now because it appears belatedly by recent filings that Mr. Hamm wants to prosecute this case. (ECF Nos. 14-16.) For the following reasons, the Court will grant Mr. Hamm leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Mr. Hamm is serving a life sentence for murdering two police officers in 1972. *Hamm v. Obama*, Civ. A. No. 11-1429, 2011 WL 10604622, at *1 (D.D.C. Aug. 31, 2011), *aff'd*, 448 F. App'x 76 (D.C. Cir. 2012) (citing *Hamm v. Rendell*, Civ. A. No. 08–442, 2009 WL 8191941, at *1 (W.D. Pa. Oct. 8, 2009). Over the past several decades, Mr. Hamm has repeatedly and unsuccessfully challenged his conviction and sentence in numerous federal *habeas* proceedings.[1] *See, e.g.*, *Hamm v. Court of Common Pleas for the 15th Judicial Dist.*, No. CIV.A. 11-1067, 2011 WL 1668388, at *1 (E.D. Pa. May 2, 2011) (observing that "Petitioner has filed numerous petitions with this court seeking habeas corpus relief" and that "[t]he United States Court of Appeals for the Third Circuit has denied multiple applications by Petitioner for authorization to file a second or successive writ of habeas corpus").

Several judges in this District, have considered Mr. Hamm's various *habeas* proceedings and have denied *habeas* relief. *See Hamm v. Lane*, E.D. Pa. Civ. A. No. 20-3135 (July 9, 2020 Order, ¶ 2) (Judge Kenney dismissed petition for lack of subject matter jurisdiction because it was a successive petition); *Hamm v. Schmehl*, E.D. Pa. Civ. A. No. 18-3093 (Judge Pappert dismissed petition for lack of subject matter jurisdiction because it was a successive petition and subsequently prohibited Mr. Hamm from filing additional *habeas* petitions challenging his 1974 murder conviction "without first requesting and receiving approval from this Court."); *Hamm v. Lane*, E.D. Pa. Civ. A. No. 17-687 (Judge Schmehl dismissed Mr. Hamm's case for failure to file a proper petition); *Hamm v. Castille*, E.D. Pa. Civ. A. No. 13-5185 (Judge Ditter dismissed Mr.

---

[1] Mr. Hamm has alleged in other cases that his life sentences were vacated in 1977, but "he ignores the fact that his life sentences for two counts of first-degree murder were reimposed on remand and affirmed by the Pennsylvania Supreme Court." *Hamm v. Rendell*, 376 F. App'x 244, 245 (3d Cir. 2010) (*per curiam*).

2

Hamm's petition with prejudice, noting that Mr. Hamm had filed at least sixteen unsuccessful prior *habeas* petition and that he was repeating arguments presented to the Court over many years regarding his convictions); *Hamm v. Court of Common Pleas for the 15th Judicial District of Pa.*, E.D. Pa. Civ. A. No. 11-1067 (Judge Ditter denied Mr. Hamm's petition with prejudice and directed the Clerk not to accept further filings in the case).

On September 17, 2020, Mr. Hamm filed another complaint with this Court. Mr. Hamm avers that his 1974 murder convictions are invalid because the grand jury failed to issue a true bill of indictment. Specifically, Mr. Hamm asserts that the grand jury foreman, Charles "Last Name Unknown", "failed to date the requested indictment in his personal handwriting" and "illegally" stamped the indictment with a rubber stamp. (ECF No. 2 at 3, 5.)[2] As a result, Mr. Hamm claims to have been illegally incarcerated and subjected to cruel and unusual punishment in violation of his constitutional rights. (*Id.*) Mr. Hamm seeks $1million in compensatory damages and $1million in punitive damages against the named defendants for his "illegal incarceration" without an "indictment by the Chester County grand jury." He also seeks "removal from further involuntary servitude," averring that he has been "kidnapped by the defendants." (*Id.* at 6.)

In a September 30, 2020 Order, the Court denied Mr. Hamm's motion to proceed *in forma pauperis*, giving him 30 days to file a certified copy of his account statement showing account activity from March 17, 2020 through September 17, 2020 or pay the required fees of $400 to the Clerk of Court. (ECF No. 4.) When Mr. Hamm failed to do so, the Court dismissed his case without prejudice for failure to prosecute on December 3, 2020. (ECF No. 13.) Since the entry of this Court's December 3, 2020 Order, Mr. Hamm has filed objections (ECF No. 14)

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

3

as well as two motions for an in-court hearing (ECF Nos. 15-16.). Mr. Hamm's objections, filed on December 29, 2020, mirror the allegations set forth in his Complaint. Specifically, Mr. Hamm asserts that he "was never indicted by the Chester County Grand[] Jury" and he has been "kidnapped". (ECF No. 14 at 1.) Mr. Hamm's motions for hearing also repeat the allegations made in his Complaint and assert that he is "entitled to an in court hearing" and "immediate discharge." (ECF No. 15 at 1; ECF No. 16 at 2.)

It appears from his recent filings that Mr. Hamm hopes to prosecute this case, so the Court will reopen this case.[3] For the reasons below, the Court will grant Mr. Hamm leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous.

## II. STANDARD OF REVIEW

The Court will grant Mr. Hamm leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Mr. Hamm

---

[3] Due to Mr. Hamm's *pro se* status, reconsideration of the Court's December 3, 2020 under Federal Rules of Civil Procedure 59(e) or relief from that judgment under Rule 60(b)(1) are available options.

[4] In light of Mr. Hamm's recent filings, the Court has reconsidered the motion for leave to proceed *in forma pauperis*. (ECF No. 1.) Although Mr. Hamm has still not provided the Court with a certified copy of his prisoner account statement, a certification of Mr. Hamm's prisoner account balance has been completed by a prison official at SCI Fayette, stating that Mr. Hamm had the sum of $22.27 in his account when he sought leave to proceed *in forma pauperis*. Based on this certification, the Court will permit Mr. Hamm to proceed *in forma pauperis* in this matter. However, as a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

is proceeding *pro se*, The Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court will dismiss Mr. Hamm's Complaint as frivolous, noting that this is certainly not the first time Mr. Hamm has sued high-ranking officials claiming that they are responsible for subjecting him to "involuntary servitude" by virtue of his 1974 murder convictions. In 2011, he sued then-President Barack Obama, Hillary Clinton, Tom Corbett, and two judges, raising similar claims to those raised in the instant case. *See Hamm v. Obama*, Civ. A. No. 11-1429 (D.D.C.). That case was dismissed as frivolous. *Id.* (August 31, 2011 Memorandum). In 2019, Mr. Hamm sued then-President Donald J. Trump, three federal judges of this District who had presided over his prior *habeas* proceedings, Warden Mark Capozza, and clerk of court Barkman, claiming that his 1974 murder convictions were invalid because the grand jury failed to issue a true bill of indictment. *See Hamm v. Trump*, Civ. A. No. 19-1697, 2019 WL 2162301, at *2 (E.D. Pa. May 16, 2019). That case was also dismissed as frivolous. *Id.*

To the extent Mr. Hamm is suing Judge Kenney for rejecting his arguments for *habeas* relief or Judge Wickersham for his role as trial judge during his criminal proceedings, the jurists are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, there is no legal basis for Mr. Hamm's claims against Judge Kenney based on the ruling in Mr. Hamm's *habeas* case or against Judge Wickersham based on his presiding at Mr. Hamm's criminal proceedings. They are both entitled to absolute judicial immunity.

To the extent that Mr. Hamm sues "Charles" based on his role as the grand jury foreman, Charles is also entitled to absolute immunity. The grand jurors enjoy absolute immunity from civil or criminal suit for its acts, preventing any inquiry into the grand jury's motivations. *See Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20 (1976) (Grand jurors possess absolute immunity because like a judge they must "exercise a discretionary judgment on the basis of evidence presented to them."); *Yaselli v. Goff*, 12 F.2d 396, 403 (2d Cir. 1926) (Grand jurors and other judicial officers are not liable "in a civil suit for a judicial determination, however erroneous it may be, and however malicious the motive which has produced it.").

To the extent Mr. Hamm sued Attorneys Lamb and Hogan based on their positions as prosecutors during his criminal trial or subsequent *habeas* proceedings, they are also entitled to absolute immunity. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler*, 424 U.S. at 430-31. Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, No. 19-1066, 2020 WL 1921611, at *6 (3d Cir. Apr. 20, 2020). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Mr. Hamm has also sued Judge Nagle. It appears that Judge Nagle represented Mr. Hamm during his criminal proceedings prior to Judge Nagle's appointment to the bench. *See*

*Commonwealth v. Hamm*, 378 A.2d 1219, 1220 (Pa. 1977). To the extent that Mr. Hamm's claims against Judge Nagle are based on his performance as Mr. Hamm's defense counsel, the law is settled that criminal defense attorneys are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.")

Finally, Mr. Hamm has not articulated any plausible basis for concluding that Officer Zagorskie, identified only as "arresting officer" in the caption of Mr. Hamm's Complaint, violated his rights. Any claims made by Mr. Hamm pursuant to 42 U.S.C. § 1983 for constitutional violations stemming from his 1972 arrest are in any event time-barred. Pennsylvania's two-year statute of limitations period applies to these types of § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). The limitations period governing claims related to searches and seizures generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam). The limitations period governing claims of false arrest without a warrant accrues at the time litigant

7

became detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more."). Mr. Hamm's Complaint, filed in 2020 several decades after his arrest, is clearly untimely as to those claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will vacate the Order dismissing this case for failure to prosecute and dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).[5] Mr. Hamm will not be permitted to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir.

---

[5] Mr. Hamm may not seek release from imprisonment by way of a § 1983 action, nor may he seek damages based on unconstitutional conviction or imprisonment while his convictions remain intact. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation omitted)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

2002). The Court will deny Mr. Hamm's outstanding motions for in-court hearings as moot. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.